UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JEFFREY JAKE BORNE, | CIV 20-4148 |
| Petitioner, | |
| vs. | ORDER |
| DOUG CLARK, Acting Warden; JASON RAVNSBORG, The Attorney General of the State of South Dakota, and BRENT FLUKE, | |
| Respondents. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On August 16, 2021, the Petitioner filed a Motion stating: "Pursuant to Martinez v. Ryan my exhausted claim should be heard," Doc. 20. The one exhausted claim that Mr. Borne pursued to the state's highest appellate court is whether trial counsel rendered ineffective assistance of counsel in the handling of the presentation of Mr. Borne's criminal history. Pursuant to Mr. Borne's Motion of August 16, 2021, the Court considered that to be an appeal of the Report and Recommendation from Magistrate Judge Duffy. The Court has considered Mr. Borne's appeal. The primary case for considering inadequate representation of a Defendant is a criminal case is *Strickland v. Washington*, 466 U.S. 668 (1984). At page 687, the United States Supreme Court said that the defendant's representation analysis is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing the counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

When reviewing the facts as set forth in the Report and Recommendation, this Court finds upon its separate consideration of these facts that counsel's performance was sufficient. The Court

finds that there was not error by defense counsel and even if these courses of events were considered to be error, it was not error that was so serious as to deprive Defendant in a fair trial. This Court believes that the trial was a trial whose result was reliable. In addition, the Court has determined the Plaintiff's claim was straightforward and was clearly presented to this Court and no counsel is necessary in order to present the claim to the Court. Accordingly,

IT IS ORDERED:

1. That the Magistrate Judge's Report and Recommendation, Doc. 18, is ADOPTED.

2. That Petitioner's request for counsel, Doc. 20, is DENIED.

3. That Petitioner's appeal, Doc. 20, is considered and is DENIED.

4. That Respondents' Motion for Judgment on the Pleadings under FED. R. CIV. P. 12(C), Doc. 16, is GRANTED.

5. That Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, Doc. 1, is DENIED with prejudice.

6. That no Certificate of Appealability shall issue.

Dated this 23rd day of August, 2021.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK